UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AJAI BHATIA,<br>    Plaintiff,<br><br>    v.<br><br>PAUL GAETANO,<br>    Defendant. | CIVIL ACTION NO.<br>3:06cv1771 (SRU) |

**Ruling on Defendant's Motion to Dismiss**

I.     **Introduction**

In the course of a child custody battle between Ajai Bhatia and his ex-girlfriend Marlene Debek, Debek told the Shelton police that Bhatia had sexually molested their young daughter, "T." The police arrested Bhatia and charged him with sexual assault in the first degree, as well as with risk of injury to a minor.

Bhatia went to trial on those charges, and a jury acquitted him of the sexual assault charge. The jury hung on the risk of injury charge.

Since Bhatia's trial, he has filed a number of complaints in federal court, primarily alleging section 1983 violations against the various actors involved in his earlier criminal prosecution. Four of those cases are or have been before me. They are: (1) Bhatia v. Yale School of Medicine, et al., 3:06cv1769, suing the Yale clinic and the individuals who diagnosed and supported claims of abuse; (2) Bhatia v. City of Shelton, et al., 3:06cv1770, suing the Town of Shelton, the police department, and the officer who investigated allegations of abuse; (3) the present matter, Bhatia v. Gaetano, 3:06cv1771, suing the prosecutor who prosecuted Bhatia; and (4) Bhatia v. Parent Child Resource Center, et al., 3:06cv1793, suing a behavioral health services provider and a staff member who testified against Bhatia at trial. In each case, Bhatia claims a litany of common law torts, such as malicious prosecution and intentional infliction of emotional

distress, along with section 1983 and 1343 violations.

In this case, against the prosecutor Paul Gaetano, Bhatia alleges that Gaetano should be held liable for the various torts because:

(1)  he signed and presented to a judge the arrest warrant application against Bhatia;

(2)  he prosecuted Bhatia despite evidence that T. and Debek were lying;

(3)  he coached T. to testify against Bhatia despite evidence that T.'s testimony was fabricated; and

(4)  he failed to properly investigate the false allegations against Bhatia.

Because the allegations that form the basis for most of Bhatia's claims against Gaetano allege wrongdoing that occurred when Gaetano performed his prosecutorial function, as opposed to his investigative function, absolute immunity shields Gaetano from most of the claims against him and his motion to dismiss is GRANTED IN PART and DENIED IN PART.

## II.  Background

Bhatia and Debek met in Connecticut in the early 1990s, and moved to Florida in the mid-1990s. They were engaged but never married, and had a daughter, T. Debek took T. and moved back to Connecticut in 1996. Bhatia visited sporadically until August 1998, when Debek cut off Bhatia's access to T.

Bhatia returned to Connecticut on August 5, 2000, and made attempts to visit T. However, Debek refused to allow visitation, and Bhatia instituted proceedings in the Superior Court in order to visit T. Bhatia was allowed unsupervised visits with his daughter. After those unsupervised visits began, Debek started to insist that T. go to therapy, and T. started therapy at the Child Guidance Center Clinic in June of 2001. During the ten sessions she attended, she

never reported any sexual touching, molestation or contact of any kind by her father. On September 12, 2001, the Child Guidance Center Clinic terminated counseling for T. and closed her file because T. was asymptomatic.

On October 9, 2001, after the Superior Court refused to disallow Bhatia's unsupervised visitation, Debek first reported to the supervisor at the Clinic that T. told her that Bhatia had molested T. On the following day, Debek contacted DCF and made the same statement about Bhatia. DCF told her to contact the police and on October 11, 2001 Debek told the Derby Police that the Bhatia had sexually molested T.

The police arrested Bhatia on charges of sexual assault in the first degree and risk of injury to a minor on December 26, 2001. He was held for four days before his boss posted the bond to secure his release. Bhatia had to borrow large sums of money to cover his bond premium and legal fees. Bhatia and his friends and family, including his father in India, incurred significant economic hardship as a result, and also suffered social consequences with their friends and acquaintances.

A jury acquitted Bhatia on June 13, 2003 of sexual assault in the first degree. The jury hung on the risk of injury charge, which the court ultimately dismissed on November 3, 2003. Bhatia then appealed the Department of Children and Families (DCF) finding of abuse. After investigation, DCF reversed its findings of abuse because they had been based solely on information from the Debek.

In its decision concerning custody of T., the Superior Court found that Debek's story about T.'s claim of molestation was not credible and it did not believe that T. ever disclosed any sexual abuse. That court concluded that Bhatia had not molested T., and further concluded that

even after Bhatia's acquittal of the criminal charges, Debek continued to tell T. that Bhatia had sexually molested her. Superior Court Judge Munro described the impact of Debek's constant reaffirmation to T. of the sexual abuse allegations as being devastating to T., concluded that T. could never have any relationship with her father while she lived with Debek, and removed T. from Debek's custody to facilitate T.'s reunification with her father.

## III. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. Spalding*, 467 U.S. 69, 73 (1984). The function of a motion to dismiss is "merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

## IV. Discussion

### A. Section 1983 and 1343 Claims

Gaetano claims that absolute prosecutorial immunity bars Bhatia's section 1983 and 1343 claims against him.

Prosecutors are absolutely immune from suit for actions taken in the performance of their functions as advocates. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). They do not, however, enjoy immunity from suit for actions taken in other capacities, such as investigatory or administrative tasks. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993). Although "investigative work may not be transformed into advocacy simply by being characterized as work in preparation for trial," *Hill v. City of New York*, 45 F.3d 653, 662-63 (2d Cir. 1995), Bhatia complains about Gaetano's conduct that is, for the most part, properly characterized as being in preparation for trial.

First, the mere preparation and filing of an application for an arrest warrant is a prosecutorial function protected by absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 129 ("activities in connection with the preparation and filing of . . . the motion for an arrest warrant – are protected by absolute immunity"). It is only when the attorney takes on some other role, for example by swearing to the affidavit supporting the warrant, that the activity is no longer prosecutorial in nature. *Id*. Here the complaint alleges that Gaetano signed and presented the affidavit. Accordingly, his function was advocacy, which is protected by absolute immunity. *Burns v. Reed*, 500 U.S. 478, 492 (1991) ("we hold that respondent's appearance in court in support of an application for a search warrant and the presentation of evidence at that hearing are protected by absolute immunity").

Second, the fact that Gaetano prosecuted Bhatia despite evidence that Debek and T. were lying or presented fabricated statements is a prosecutorial decision. Gaetano instituted and pressed his prosecution after considering the weight of evidence in the case. His decision to do so was a decision he made as a prosecutor and an advocate, not as an investigator or

administrator. *Buckley*, 509 U.S. at 273 ("professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury" are functions accorded immunity).

Third, even if Gaetano coached or coerced fabricated testimony from T., he is protected by absolute immunity. *Imbler,* 424 U.S. at 429 (affirming lower court's holding of prosecutorial immunity because knowingly and maliciously using perjured testimony to secure a conviction fell under the prosecutorial function). If Gaetano coached or coerced fabricated evidence while investigating Bhatia, and probable cause was then based on that evidence, Gaetano would only be entitled to qualified, not absolute, immunity. *Buckley*, 509 U.S. at 273 (prosecutor protected by qualified immunity when acting in investigative capacity "that might give him probable cause to recommend that a suspect be arrested"). To the extent that Bhatia alleges that Gaetano fabricated evidence in order to aide in a prosecution that had already been initiated, absolute immunity attaches. Although that behavior, if true, is troubling, case law makes clear that Gaetano is nonetheless immune from suit. *Imbler*, 424 U.S. at 430.

Bhatia's fourth allegation appears to be somewhat different. Bhatia alleges that (1) "Paul Gaetano had a duty as an officer of court to investigate the false allegations based on FACTS which he never bothered to"; Compl. at ¶ XXXI, and (2) "[t]he defendant(s) didn't follow the protocols and never ever investigated just fabricated all the events leading to the false arrest of Mr. Bhatia . . ."; Compl. at p. 21. Bhatia in his complaint does not allege that Gaetano failed to properly investigate the case prior to initiating the prosecution, but rather apparently alleges that Gaetano shirked his responsibility as a prosecutor by proceeding with his prosecution despite strong indications that Bhatia was not guilty. As discussed above, that behavior falls under the

prosecutorial function, and absolute immunity attaches.

The second allegation in the preceding paragraph seems to allege that Gaetano was involved in the fabrication of evidence leading to Bhatia's false arrest.[1] He complains that, generally, the various defendants in his cases (City of Shelton, Shelton Police Department, Gaetano, and Yale) should have known that the criminal charges against him were without merit. It is not clear from Bhatia's complaint if he alleges that Gaetano was involved in actually investigating the case before there was a finding of probable cause to arrest Bhatia. On its face, however, the complaint alleges that Gaetano fabricated evidence as part of a pre-arrest investigation. When considering a motion to dismiss for failure to state a claim, I must take as true the allegations in the complaint. On that basis, I will permit Bhatia's claim against Gaetano to move forward, limited in scope to the question of whether Gaetano fabricated evidence during a pre-arrest investigation of Bhatia.

### B. State Law Claims

Bhatia has raised state law claims against Gaetano alleging intentional infliction of emotional distress, false arrest, malicious prosecution, abuse of process, and prosecutorial misconduct. Because a jury finding that Gaetano did fabricate evidence against Bhatia would support each of those state law claims, I decline to dismiss those claims.

## V. Conclusion

For the reasons stated above, Gaetano's motion to dismiss (**doc. #11**) is GRANTED IN PART and DENIED IN PART. Absolute prosecutorial immunity attaches and protects Gaetano

---

[1] It is worth noting that Bhatia makes an identical allegation in each of his four complaints.

from Bhatia's claims against him, except to the extent that Bhatia alleges fabrication of evidence as part of a pre-arrest investigation of Bhatia.

Dated at Bridgeport, Connecticut, this 31st day of March 2008.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge